UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNESTINE THOMAS, et al.,

    Plaintiffs,

v.

    Case No. 1:22-cv-1164

    Hon. Hala Y. Jarbou

TJX COMPANIES, INC., et al.,

    Defendants.
_____/

## **OPINION**

This is a diversity action asserting negligence claims under Michigan law. Plaintiff Ernestine Thomas asserts that she was shopping at a TJ Maxx location in Benton Harbor on March 14, 2022, when a store employee negligently rammed into her with a shopping cart. (Compl. ¶¶ 6-8, ECF No. 11-1.) Thomas alleges she suffered physical and emotional injuries as a result of this collision. (*Id*. ¶¶ 12, 14.) Her husband joins the suit bringing claims for loss of society, companionship, and consortium. (*Id*. ¶ 15.) Both bring suit against TJX Companies, Inc. (hereinafter "TJ Maxx") under theories of vicarious liability, negligent entrustment, and failure to adequately supervise or train an employee. They also bring suit against "Jane Doe 1" described as "defendant employee" under a common negligence theory. (*Id*. ¶¶ 10, 11.)

### **I. FACTUAL BACKGROUND**

The Thomases originally brought this action in Michigan state court in Berrien County. In the complaint, they named only TJ Maxx as a defendant. They listed "Jane Doe 1" as a placeholder for the unnamed employee that they assert negligently struck Ms. Thomas with a shopping cart in March 2022. (Compl. ¶ 2). It was not until discovery that the Thomases learned that "Jane Doe 1" was actually Joyce Graves, an employee at the TJ Maxx location in Benton Harbor. (Mot. to

Amend ¶¶ 7-9, ECF No. 11.) On December 7, 2022, TJ Maxx filed a notice of removal (Notice of Removal, ECF No. 1) to the Western District of Michigan, Southern Division, based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. TJ Maxx is a foreign corporation incorporated in Delaware with its principal place of business in Framingham, Massachusetts. (*Id*. ¶¶ 1, 7.) The Thomases are residents of Berrien County, Michigan. (Compl. ¶ 1.) At the time the notice of removal was filed, only TJ Maxx and the Thomases were parties to the suit for the purposes of determining diversity jurisdiction. The Thomases have since learned that Joyce Graves, originally "Jane Doe 1," is a resident of Bridgman, Michigan. (Mot. to Amend ¶¶ 7-9.) As a result, the Thomases have filed a motion for leave to amend their complaint to include Graves as a party defendant. (*Id*. ¶ 12.) Accordingly, they ask that the Court remand the action to state court for the remainder of the proceedings as there will no longer be complete diversity between parties if Graves is joined. (*Id*. ¶ 14.)

## II. LEGAL STANDARD

A party may amend its pleadings once as a matter of course within 21 days of serving it. Fed. R. Civ. P. 15(a)(1)(A). At all other times, a pleading may be amended "only with the opposing party's consent or with leave of the court." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The decision as to whether justice requires the amendment is committed to the district court's sound discretion." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). Further, "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue or allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182-83 (1962).

### III. ANALYSIS

#### A. Motion to Amend

On March 14, 2023, the Thomases asked the Court for leave to amend their complaint to add Joyce Graves as a named defendant. (Mot. to Amend ¶ 12.) The deadline to submit motions to amend pleadings or add parties was set for March 22, 2023. (Case Management Order, ECF No. 9.) Therefore, the Thomases' motion is timely. Furthermore, TJ Maxx does not suggest that it has suffered or is likely to suffer any prejudice as a result of granting the Thomases the relief they request. (Def.'s Answer to Motion, ECF No. 13.) On the other hand, the Thomases allege that Joyce Graves was the TJ Maxx employee who actually committed the negligent act that this action is based on. (Compl. ¶ 7.) Although they did not name Graves in their original complaint because she had not yet been identified, they did show an intent to bring suit against her by naming "Jane Doe 1." (*Id*. ¶ 2.) As a result, there is no compelling reason to deny Plaintiffs leave to amend and they will be granted leave to amend their complaint.

#### B. Joinder

Although the Thomases filed a motion to amend the pleadings under Fed. R Civ. P. 15(a), they also seek to add Joyce Graves as a defendant in the action under Fed. R. Civ. P. 20. The Thomases filed a proposed amended complaint including Joyce Graves as a defendant. (First Am. Compl., ECF No. 11-9, PageID.122-127.) That document is not signed by the party's representatives pursuant to Rule 11(a), which states that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record." Fed R. Civ. P. 11(a). As a result, the Court cannot adopt it as the amended complaint. However, if the Thomases do amend their complaint to add Graves then her joinder would be proper under Rule 20 which, in pertinent part, states that

> (2) Persons … may be joined in one action as defendants if:

3

>   (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
>   (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Here, the complained of events stem from the same asserted collision between Graves' shopping cart and Ms. Thomas that is the subject of the suit against TJ Maxx. In addition, the claims against both defendants will center around common questions of law and fact. Therefore, Graves may properly be joined.

### C. Motion to Remand

The Thomases also ask that the Court remand the case to Berrien County Circuit Court due to lack of diversity between the parties. As previously discussed, the Court will not consider the Thomases first amended complaint until it has been properly signed and submitted. However, if Graves is joined as a party defendant, there will no longer be complete diversity between the parties and the Court will remand the case to state court. Under 28 U.S.C. § 1332, federal courts shall have jurisdiction over state court claims when the amount in controversy exceeds $75,000, "and is between … citizens of different states." 28 U.S.C. § 1332 (a)(1). Sixth Circuit precedent is clear that,

>   When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined.

*Jerome-Duncan, Inc., v. Auto-By-Tel L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999) (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1994) (holding that because there was at least a colorable claim against the non-diverse defendant in state court, remand was proper)). Here, TJ Maxx admits that the Thomases present a colorable claim for relief against Joyce Graves. (Def.'s Answer to Mot. ¶ 13.) TJ Maxx also states that "there does not appear to be an issue of fraudulent

4

joinder in requesting admission of Joyce Graves as a party defendant." (*Id*. ¶ 14.) As a result, if Joyce Graves is added as a defendant, this Court will remand the case to state court.

## IV. CONCLUSION

For the reasons stated above, the Court will grant the Thomases motion to amend the complaint and add Joyce Graves as a defendant. The Court will deny their motion to the extent they seek to remand the case to state court at this time. The Thomases will have seven days to amend their pleadings. If a non-diverse party is properly added as a party defendant, the Court will remand the case to state court.

The Court will enter an order in accordance with this Opinion.


Dated: September 13, 2023            /s/ Hala Y. Jarbou
                                     HALA Y. JARBOU
                                     CHIEF UNITED STATES DISTRICT JUDGE